**Lawrence M. FARKAS, Plaintiff–Appellant,**

**Joseph M. Aemisego; Anthony R. Alfano; Jose Almeida; Charles Anderson; Mike Antonucci; Richard Arroyo; John Barone; Lawrence Bischofsberger; Richard Bottari; Andre J. Brown; John Calabro; George A. Calandrino; Pete Capuano; R. Caserta; Vincent Castronuovo; Thomas Clark; Marvin Clausell; Jerome D'Aguiar; Peter Dalton; Nick Defeis; Salvatore Demaria; Joseph Depaso; Donald Dickinson; Augustine Disalvo; Jose J. Escobar; Lawrence J. Faughnan; John Feltham; Chet Flower; Wilfred Foster; Michael Foti; Robert Galassi; Frank J. Gallagher; John I. Gerace; George A. Gerhens; William Germann; Michael Gold; John M. Guido; Kenneth Hampton; William Harrington; Brian Harrison; Gerard Hart; Charles A. Hendricks; Santiago Hernandez; Larry Hollenbeck; Raymond**

Hoye; Bob Hyland; Cornelio Iacono; Chester Jabacinski; Walter Jacome; Lehman Jenkins; Robert Johnson; John Jones; John C. Richards, Jr.; Clifton Oates, Jr.; Manfred Kalkowski; Charles J. Keller; John Kleppe; Anthony J. Lafemina; Paul F. Lehnert; Michael V. Lynch; Eddie Maddox; William Maffei; Dominick Manocchi; Rey A. Martinez; Michael Martorano; Michael Matraia; Joseph McDermott; Robert McDermott; Delmar Miner; Ronald Montanya; Roberto Morales; Patrick Moriarty; Gregory Nesmith; Russell Noble; Daniel J. O'Leary; Michael P. Oakes; Antonio Ortega; John Pertoso; Allan Petre; Louis A. Picciola; Faublas Pierre; Gary Raffa; Michaeljohn Regan; Michael J. Regan; Peter Renda; David Roberts; Jose Rogel; Francisco P. Roman; William Salvato; Carmine Salvato; Bernard Scheurer; Marvin Seigal; Mitchell Singer; Shawn Smith; David W. Smith; Angelo Spadaro; Frank Spinella; Thomas J. Staropoli; Richard Stvan; Floyd Swehla; Richard Lee Taylor; Michael Tetro; Leon Thomas; John Tindal; Mitch Turner; Juan R. Del Villar; Barry Wasserman; Paul Witte; James Zieran; and John Zoccolillo, Plaintiffs,

v.

Anthony RUMORE, individually and in his official capacity as President of Soft Drink and Brewery Workers Union, Local 812, International Brotherhood of Teamsters, Defendant,

Soft Drink and Brewery Workers Union, Local 812, International Brotherhood of Teamsters; The Coca–Cola Bottling Company of New York, Inc., Defendants–Appellees.

No. 134, Docket 95–9262.

United States Court of Appeals, Second Circuit.

Argued Nov. 7, 1996.

Decided Nov. 22, 1996.

Louie D. Nikolaidis, New York City (Lewis, Greenwald, Clifton & Lewis, P.C., New York City, of counsel) for Plaintiff–Appellant.

Paul M. Heylman, Washington, DC (Henry A. Platt, Schmeltzer, Aptaker & Shepard, P.C., Washington, DC, of counsel), for Defen-

dant–Appellee The Coca–Cola Bottling Company of New York, Inc.

Barry I. Levy, New York City (Lewis Rosenberg, Shapiro, Beilly, Rosenberg, Albert & Fox, New York City, of counsel), for Defendant–Appellee Soft Drink and Brewery Workers Union, Local 812, International Brotherhood of Teamsters.

Before: LUMBARD, OAKES and PARKER, Circuit Judges.

PER CURIAM:

This is an appeal from the United States District Court for the Southern District of New York (Louis Stanton, J.). Judge Stanton dismissed Farkas's claims, holding that Farkas had failed to exhaust his contractual remedies. We dismiss his appeal as untimely.

Fed. R.App. P. 4(a)(1) requires that an appellant file a notice of appeal within 30 days of the date of entry of judgment or order appealed from. The Supreme Court has stated that "the taking of an appeal within the prescribed time limits is mandatory and jurisdictional." *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 203, 108 S.Ct. 1717, 1722, 100 L.Ed.2d 178 (1988). In this case, the district court granted summary judgment on the claims Farkas makes here in an order dated March 9, 1995, and it issued a Rule 54(b) certificate on September 27, 1995. The clerk filed a judgment disposing of the claims on October 3, 1995. Farkas filed his notice of appeal on December 6, 1995, 64 days after entry of the judgment. Unless some exception applies, therefore, Farkas's appeal is not timely.

■ Farkas first argues that his appeal time should be calculated from the date the clerk of the court reentered the judgment on his claims. The clerk vacated the original judgment of October 3, and reentered it on November 16. The first judgment ordered counts five and six dismissed, and ordered the case removed from the docket; the second judgment vacated the first judgment and ordered the fifth and six counts dismissed. The effect of this reentry was to restore the case to the docket: this was proper, as one count of the original suit was going to trial.

Farkas also claims that he should not be bound to the date of the first judgment because his attorney purportedly never received a copy of the judgment of October 3rd, and that he was notified orally only on November 15. On November 16, he filed a motion with the court for leave to file a late notice of appeal. The court denied this motion as moot, without prejudice to renew.

■ Where a judgment is reentered, and the subsequent judgment does not alter the substantive rights affected by the first judgment, the time for appeal runs from the first judgment. *FTC v. Minneapolis–Honeywell Regulator Co.*, 344 U.S. 206, 73 S.Ct. 245, 97 L.Ed. 245 (1952). This doctrine has been applied to judgments reentered to correct technical errors. *See, e.g., Air Line Pilots Assoc. v. Precision Valley Aviation, Inc.*, 26 F.3d 220, 223–26 (1st Cir.1994); *United States v. Lewis*, 921 F.2d 563 (5th Cir.1991); *White v. Westrick*, 921 F.2d 784 (8th Cir.1990). Similarly, where an order disposes of a party's substantive claims, but does not dispose of claims relating to attorney's fees, the time for appeal of the substantive claims starts to run from the date of the first order, *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988), unless the district court explicitly grants a delay, *see* Fed.R.Civ.P. 58. *See also* Fed.R.Civ.P. 58, Advisory Committee Notes, 1993 Amendments (addressing amendments dealing with the *Budinich* issue of attorney fees).

The reentry of the judgment in Farkas's case did not alter the disposition of counts five and six in any way: the language in the two judgments is essentially identical. Furthermore, the element of the first judgment that was changed (the removal of the case from the court's docket) is laid out in a separate paragraph, with a separate statement of "ORDERED" attached to it: there can be no confusing the fact that count one was unrelated to counts five and six.

Farkas attempts to distinguish his case by noting that the second judgment purports to "vacate" the first one, and that the judgments in the cases following *Minneapolis–Honeywell* did not. However, this argument

is contrary to every statement of rationale in *Minneapolis–Honeywell.* The Court there says that "[o]nly when the lower court changes matters of substance, or resolves a genuine ambiguity, in a judgment previously rendered should the period within which an appeal must be taken or a petition for certiorari filed begin to run anew. The test is a practical one." *Minneapolis–Honeywell,* 344 U.S. at 211–12, 73 S.Ct. at 248–49. While Farkas's statement that "appeal from a vacated judgment is ... void of meaning," Reply Br. at 1, does have a sensible ring to it, it is nevertheless false under the circumstances.

The cases relied upon by Farkas do not avail him. While it is true that the only case cited by the parties in which the first judgment was vacated, *Taylor v. Continental Group Change in Control Severance Pay Plan,* 933 F.2d 1227 (3d Cir.1991), held that the time period for appeal began to run from the second judgment, *id.* at 1231 n. 2, that case is nevertheless distinguishable. *Taylor* involved an initial judgment that had included conflicting statements as to the proper avenue for appeal. *Id.* The second judgment removed this contradiction. *Id.* The revision directly related to the appealability of the disputed claims: it "resolve[d] a genuine ambiguity," *Minneapolis–Honeywell,* 344 U.S. at 211, 73 S.Ct. at 248–49. That is not the case here.

*Kline v. Dept. of Health & Human Servs.,* 927 F.2d 522 (10th Cir.1991) is likewise unavailing. In that case, the issue presented was whether an *order* of the court satisfied the requirements of Rule 58, not whether a *judgment* entered on that order did. Here, the defendants are not relying on the date of the order that underlay the judgment (i.e. the Rule 54(b) certificate of September 27)— they are referring only to the entered order of October 3.

Finally, in *MGIC Indem. Corp. v. Weisman,* 803 F.2d 500 (9th Cir.1986), the clerk corrected a technical error on a judgment, put a new date on it, and entered it on the docket sheet under the new date. *Id.* at 502. Although counsel admitted that it had a memorandum from the clerk with the original date on it, the court stated that "as the record now stands ... [the later date] is the correct date" and allowed the appeal, which would have been untimely if the earlier date had begun the time for appeal. *Id.* Here, of course, the record is clear that the original judgment was entered on October 3 and vacated and reentered on November 16. To restart the appeal time from the later date in this circumstance would be directly contrary to *Minneapolis–Honeywell.*

Therefore, Farkas's filing of notice of appeal was not timely, and this court dismisses his case for lack of jurisdiction. We note that the district court's order denying Farkas's motion to enlarge the time for filing a notice of appeal was without prejudice to renewal in the event the appeal filed was dismissed; we believe this a wise precaution on the part of the district judge.