179 F.3d 52,
 CODY, INC., on its own behalf and on behalf of its directors
and members, Plaintiff-Appellant-Cross-Appellee,
v.
TOWN OF WOODBURY, John S. Taylor, and Eric Ruscher,
Defendants-Appellees-Cross-Appellants,
County of Orange, Defendant.
 Docket Nos. 98-9216; 98-9244.
 United States Court of Appeals,
Second Circuit.
 Argued May 26, 1999.
Decided June 8, 1999.
 
 Appeal and cross-appeal from an amended judgment of the United States District Court for the Southern District of New York (Charles L. Brieant, J.) dismissing the plaintiff's complaint under the Tax Injunction Act, 28 U.S.C. § 1341, and denying the plaintiff's motion for relief from the judgment under Fed.R.Civ.P. 60(b). Affirmed in part and dismissed in part.
 Michael H. Sussman, Goshen, New York (Stephen Bergstein, of counsel), for Plaintiff-Appellant-Cross-Appellee.
 David L. Posner, McCabe & Mack, LLP, Poughkeepsie, NY (Gerianne Hannibal, of counsel), for Defendants-Appellees-Cross-Appellants.
 Before: VAN GRAAFEILAND, CALABRESI, and STRAUB, Circuit Judges.
 PER CURIAM:
 
 
 1
 The plaintiff, Cody, Inc. ("Cody"), brought a suit in federal district court seeking relief from state taxes from which it claims to be exempt. The United States District Court for the Southern District of New York (Brieant, J.) dismissed the complaint. See Cody, Inc. v. Town of Woodbury, 8 F.Supp.2d 340 (S.D.N.Y.1998). Cody did not file an appeal, and the time in which appeals could be lodged elapsed. Cody did, however, file a motion for relief from the judgment under Fed.R.Civ.P. 60(b). The district court denied that relief but expressed its view that the underlying issues in the case warranted appellate consideration. It therefore vacated its original judgment and entered a second, practically identical judgment, reasoning that a fresh judgment would give the plaintiff a new opportunity to appeal in a timely fashion.
 
 
 2
 The plaintiff appeals that second judgment, challenging the dismissal of its complaint as well as the denial of its 60(b) motion. On cross-appeal, the Town of Woodbury and two individual defendants contend that the foregoing circumstances cannot resurrect an expired opportunity to appeal. We agree, and we therefore dismiss the plaintiff's appeal from the amended judgment. We do have jurisdiction, however, to review the district court's denial of the plaintiff's 60(b) motion. That denial is affirmed.
 
 BACKGROUND
 
 3
 Cody describes itself as a "religious corporation" organized under the laws of New York. As such, it claims to be entitled to tax-exempt status under state and local law. The defendants refused to grant Cody that status. On November 19, 1997, Cody filed suit in the United States District Court for the Southern District of New York, alleging that the defendants' failure to exempt Cody from taxation violated the First and Fourteenth Amendments. The district court dismissed the complaint primarily under the Tax Injunction Act, 28 U.S.C. § 1341, which limits the power of the federal district courts to enjoin the collection of state taxes. Judgment was entered on June 12, 1998. Cody did not file a timely notice of appeal.
 
 
 4
 On July 13, 1998, Cody filed a Rule 60(b) motion for relief from the judgment. Four weeks later, on August 7, Cody wrote to the district court suggesting that, if the 60(b) relief were denied, the court might vacate its original judgment and issue a new one to the same effect, thus restarting the clock on Cody's time for filing an appeal. The district court accepted this somewhat unorthodox proposal. In an opinion denying the 60(b) motion, Judge Brieant wrote that "appeal of this case may raise important substantive issues" that should be presented for appellate review despite Cody's failure to appeal during the normal time allotted. He therefore vacated the judgment of June 12 and, on August 20, 1998, entered a new judgment dismissing Cody's complaint.
 
 
 5
 Nineteen days later, on September 8, Cody filed a notice of appeal seeking review of the entire amended judgment, i.e., of the denial of the 60(b) motion as well as of the portion of the judgment dismissing the underlying complaint. The Town of Woodbury and defendants Taylor and Ruscher filed their cross-appeal six days later.
 
 DISCUSSION
 I. The underlying appeal
 
 6
 A party wishing to appeal as of right from a decision in a civil case in which neither the United States nor one of its officers or agents is a party must file a notice of appeal within thirty days of the entry of judgment. Fed. R.App. P. 4(a)(1).[1] Cody contends that the present appeal is from the district court's amended judgment, not its original one. It might seem, therefore, that the thirty days should be counted from August 20 rather than from June 12. If that were so, the present appeal would be timely, because the September 8 date of appeal is within thirty days of August 20.
 
 
 7
 This court has held, however, that when a second judgment in a case does not differ from the first judgment in matters affecting the substantive rights of the parties, the time to appeal runs from the first judgment. See Farkas v. Rumore, 101 F.3d 20, 22 (2d Cir.1996) (per curiam). In the instant case, the two judgments are identical with respect to all questions of substantive rights. Accordingly, the August 20 judgment did not start a new period of time for the filing of appeals. The thirty days began on June 12.[2]
 
 
 8
 Cody next argues that Judge Brieant, acting pursuant to Fed. R.App. P. 4(a)(5), enlarged Cody's time for filing an appeal. That rule permits a district court to modify the thirty day requirement "upon a showing of excusable neglect or good cause." See id. The record contains no document styled a Rule 4(a)(5) motion or any ruling of the district court on such a motion. Cody submits, however, that its August 7, 1998 letter to the court should be construed as a Rule 4(a)(5) motion and implies that Judge Brieant's effort to give Cody more time in which to appeal can be understood as a 4(a)(5) extension. Our consideration of this issue assumes, but does not decide, that a 4(a)(5) motion was made and granted.
 
 
 9
 It is not clear, in the instant case, that Cody showed "excusable neglect or good cause" as required by the rule. See id. But we need not reach that issue. Rule 4(a)(5) explicitly provides that no extension granted thereunder may permit the filing of an appeal more than thirty days after the expiration of the initial filing period or ten days after the date on which the extension is ordered, whichever is later. See id.; see also Endicott Johnson Corp. v. Liberty Mut. Ins. Co., 116 F.3d 53, 56 (2d Cir.1997) ("[T]he district court may ... extend the 30-day appeal period for up to 30 days from the original deadline or until 10 days after the date of entry of the order granting the motion, whichever is later, but may not extend it further."). Cody's appeal was filed after the later of the two applicable dates. Thirty days after the end of the initial thirty day period, meaning sixty days after entry of the first judgment, would have been August 11, 1998. Ten days from the entry of the district court's second judgment--the order that Cody asks us to interpret as, among other things, a 4(a)(5) ruling--elapsed on August 30. The present appeal was not filed until September 8, 1998, nine days after the last possible date that a 4(a)(5) theory could permit. Cody's argument that we have jurisdiction as a result of an extension granted under Fed. R.App. P. 4(a)(5) is therefore unavailing.
 
 
 10
 Cody did file a motion for relief from judgment under Fed.R.Civ.P. 60(b), and, under certain circumstances, the filing of such a motion can increase the time allowed for filing appeals. Specifically, if a motion under Rule 60 is filed within ten days of the entry of judgment, the thirty day period is tolled until the Rule 60 question is adjudicated. Fed. R.App. P. 4(a)(4)(F). But if such a motion is filed more than ten days from the date of judgment, the clock does not stop. See Branum v. Clark, 927 F.2d 698, 704 (2d Cir.1991). Cody did not move for 60(b) relief until July 13, 1998, well after ten days had passed from June 12. Accordingly, Cody cannot take advantage of this tolling mechanism.
 
 
 11
 We conclude that any appeal from the dismissal of the complaint in the instant case was required to be filed within thirty days of June 12, 1998. Cody failed to appeal during the time allotted. The thirty day time limit for filing appeals is mandatory and jurisdictional. Budinich v. Becton Dickinson & Co., 486 U.S. 196, 203, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988). Even if the district court were correct that the substantive issues in this case are important, that fact could not create jurisdiction in this court where there was none otherwise: there is--perhaps unfortunately, but nevertheless inexorably--no such thing as "interesting question jurisdiction." See Michael v. INS, 48 F.3d 657, 674 (2d Cir.1995) (Jacobs, J., dissenting). Therefore, we have no power to review so much of the judgment of the district court as dismissed the plaintiff's complaint.
 
 
 12
 II. Appeal from the denial of relief under Rule 60(b)
 
 
 13
 We do have jurisdiction, however, to consider that part of the district court's judgment that denied Cody's request for relief under Fed. R.App. P. 60(b). We review the denial of a 60(b) motion for abuses of discretion. Branum, 927 F.2d at 704.
 
 
 14
 Rule 60(b) provides a procedure for asking a district court to relieve parties from the operation of judgments that, inter alia, are undermined by newly available evidence, have been previously satisfied, or result from mistake, fraud, or misconduct. See Fed.R.Civ.P. 60(b). An appeal from the denial of a 60(b) motion raises only the question of whether that motion was properly disposed; it is not a vehicle for examining the underlying judgment itself. See id. Cody's Rule 60(b) motion, however, sought predominantly to reargue the merits of the district court's decision. For example, Cody offered legal arguments as to why the Tax Injunction Act should not be construed to deprive the district court of jurisdiction over its suit. It now tries to make the same points to us. These contentions go to the merits of the decision below and hence cannot be considered on this appeal from a 60(b) denial.
 
 
 15
 Cody's motion also contested some of the district court's factual findings about the taxable property in question. But these allegations are not material to the judgment, which simply dismissed Cody's complaint for lack of jurisdiction. Even if all the facts were as alleged in Cody's 60(b) motion, the district court's analysis about the applicability of the Tax Injunction Act would be unaffected. In other words, Cody's post-trial motion did not raise anything that we may now review and that the district court should have recognized as a valid ground for relief. On the facts before us, we cannot say that denying the rule 60(b) motion was an abuse of discretion.
 
 CONCLUSION
 
 16
 So much of the judgment of the district court as denied appellant's motion for relief under Fed.R.Civ.P. 60(b) is affirmed. The appeal from that portion of the judgment that dismissed the underlying complaint is dismissed for want of jurisdiction.
 
 
 
 [1]
 All citations in this opinion to the Federal Rules of Appellate Procedure are to the 1998 version of those rules. In any event, neither party contends that the amendments to the rules effective December 1, 1998 would have any effect on the outcome of this appeal
 
 
 [2]
 This rule admits of limited exceptions. See McGann v. State of New York, 870 F.2d 908, 909-10 (2d Cir.1989) (permitting a re-entered judgment to enlarge the time for appeal when the appellant had no notice of the original judgment against him and the appellee would not be prejudiced by allowing additional time); Winters v. Lavine, 574 F.2d 46 (2d Cir.1978) (accepting jurisdiction of an appeal from a judgment re-entered at the order of the Supreme Court, after the appellant properly took a timely appeal directly from the district court to the Supreme Court but the Supreme Court declined to hear the case). Such circumstances are not now before us: Cody knew that judgment had been entered against it and simply failed to file a timely appeal of any sort