Pamela K. MARTENS, Judith P. Mione, Roberta O'Brien Thomann, Robin Tompkins, Patricia Hanlon, Plaintiffs,

v.

SMITH BARNEY INC., Shearson Lehman Hutt, Smith Barney/Shearson, Inc., Defendants–Appellees,

James Dimon, Nicholas Cuneo, the New York Stock Exchange, the National Association of Securities Dealers, Defendants,

Phyllis Jamison, Claimant–Appellant,

Lorraine Parker, Bette Laswell, Jennifer Alvarez, Marianne Dalton, Patricia Clemente, Simone Schwendener, Cara Beth Walker, Edna Broyles, Edna Tompkins, Stephanie Rodruck, Danielle Saccone, Beverly Trice, Lori Hurwitz, Lydia Klein, Eileen Valentino, Teresa Tedesco, Mary Ann Cabell, Ardis Vinnecour, Tracy Gibbs, Lisa Mays, Plaintiffs.

No. 04–0890–CV.

United States Court of Appeals, Second Circuit.

May 11, 2005.

Phyllis Jamison, Clinton, MT, for Claimant–Appellant, pro se.

Daniel Toal (Joyce S. Huang, Brad S. Karp, Paul, Weiss, Rifkind, Wharton & Garrison LLP, on the brief), New York, NY, for Defendant–Appellee.

Present: SOTOMAYOR, B.D. PARKER, and HALL, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the United States District Court for the Southern District of New York (Koeltl, J.), dated December 12, 2003, is AFFIRMED.

Claimant-appellant Phyllis Jamison ("Jamison" or "appellant"), *pro se,* appeals from an order of the United States District Court for the Southern District of New York, denying her motion for reconsideration of the district court's prior order denying Jamison's motions to reopen her settlement agreement, extend a filing deadline and conduct discovery in connection with these motions. We assume the parties' familiarity with the facts, legal claims and arguments on appeal.

This Court reviews a district court's denial of a motion for reconsideration for abuse of discretion. *See Cody, Inc. v. Town of Woodbury,* 179 F.3d 52, 56 (2d Cir.1999). On appeal, appellant fails to identify any arguments, controlling decisions or facts not adequately addressed by the district court in its original opinion which would have permitted the court to reach a different conclusion on reconsideration. *See Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir.1995) ("The standard for granting such a motion is strict,

and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."). The provisions of the settlement stipulation referenced by the parties clearly support the district court's conclusion that it was without jurisdiction to consider appellant's individualized grievances concerning her settlement.

Accordingly, for the reasons stated by the district court, we AFFIRM the order of the district court.