Masao **YONAMINE**, Plaintiff–Appellant,

v.

CITY OF NEW YORK; New York City Police Department; Raymond Kelly, Commissioner of the New York City Police Department; Hugh Brickley, Shield 2885, Detective of 107th Precinct Squad; Walter Clark, Shield 3118, Detective Queens Homicide; Ar-

nold Roussine, Shield 1525, Detective Queens Crime Scene Unit; Jack Cipolla, Shield 764, Detective Queens Crime Scene Unit; District Attorney of Queens County; Richard A. Brown, District Attorney, Queens County; Andrew Zuckerman, Assistant District Attorney, Queens County; Elizabeth Fox, Assistant District Attorney, Queens County; Emil Bricker, Assistant District Attorney, Queens County, Defendants–Appellees.

No. 04–3452–PR.

United States Court of Appeals, Second Circuit.

Nov. 3, 2005.

Masao Yonamine, Stormville, NY, for Appellant, pro se.

Marta Ross, Assistant Corporation Counsel, Corporation Counsel of the City of New York, New York, NY, for Appellees.

Present: WINTER, POOLER, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-appellant Masao Yonamine appeals, pro se, from the April 13, 2004 order of the United States District Court for the Eastern District of New York (Weinstein, *J.*), denying plaintiff-appellant's motion to vacate. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

We review a district court's denial of a motion to vacate under Federal Rule of Civil Procedure 60(b) for abuse of discretion. *See Transaero, Inc. v. La Fuerza Aerea Boliviana,* 162 F.3d 724, 729 (2d Cir.1998). "An appeal from the denial of a 60(b) motion raises only the question of whether that motion was properly disposed; it is not a vehicle for examining the underlying judgment itself." *Cody, Inc. v. Town of Woodbury,* 179 F.3d 52, 56 (2d Cir.1999). Therefore we cannot consider any of Yonamine's assertions challenging the district court's underlying dismissal. In addition, the merits of Yonamine's challenge to the district court's original decision have already been decided by this court in an appeal of that decision. Yonamine presents no reason why the district court abused its discretion in denying his motion to vacate and we can see none.

We have considered all of Yonamine's remaining claims and find them to be without merit. Based on the foregoing, the judgment of the district court is AFFIRMED.