**Thomas A. SIMONE, Plaintiff–Appellant,**

v.

**PRUDENTIAL INSURANCE COMPANY OF AMERICA and Benjamin Jacobson & Sons, L.L.C. Long Term Disability Plan, Defendants–Appellees.**

**No. 05–3202–CV.**

United States Court of Appeals, Second Circuit.

Jan. 24, 2006.

ABA Heiman, Woodbury, N.Y., for Plaintiff–Appellant.

Edward J. Boyle, New York, N.Y., for Defendant–Appellees.

Present: Hon. JON O. NEWMAN, Hon. ROBERT A. KATZMANN, Circuit Judges, and Hon. JED S. RAKOFF, District Judge.*

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and hereby is **AFFIRMED.**

Plaintiff-appellant Thomas Simone appeals from the district court's denial of his motion pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure to vacate the judgment entered on March 3, 2005 denying his claim for long-term disability benefits under the Employee Retirement Income Security Act, 29 U.S.C. § 1132(a). Shortly after Simone's time to appeal the judgment had expired, another panel of this court issued an opinion that cast doubt on the standard of review the district court had applied to plaintiff's claim. *See Nichols v. Prudential Ins. Co.*, 406 F.3d 98 (2d Cir.2005). Simone then brought the instant Rule 60(b)(6) motion before the district court. We assume the parties' familiarity with the underlying facts, the procedural history, and the scope of issues presented on appeal, which we reference only as necessary to explain our decision.

Rule 60(b) of the Federal Rules of Civil Procedure allows a district court to relieve a party from a judgment under any one of five specified reasons or under a sixth catch-all provision, which Simone invokes here: "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6). While we have called this catch-all provision "a grand reservoir of equitable power," *see United States v. Cirami*, 563 F.2d 26, 32 (2d Cir. 1977), quoting 7 Moore's Federal Practice ¶ 60.27[2] at 315 (2d ed. rev.1975), we have also questioned the scope of its reach, noting that "whether the water in the reservoir is scant or grand, is far from clear." *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir.1986). In any event, it is clear that Rule 60(b)(6) is "properly invoked only when there are extraordinary circumstances justifying relief" or "when the judgment may work an extreme and undue hardship," *id.*, and that motions under Rule 60(b) are disfavored, *Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir.2004). The burden of proof is on the party seeking relief from the judgment. *Id.* We review a district court's denial of a motion for reconsideration under Rule 60 for abuse of discretion. *Cody, Inc. v. Town of Woodbury*, 179 F.3d 52, 56 (2d Cir.1999).

Simone has not demonstrated any extraordinary circumstances or undue hardship that make the district court's rejection of his motion an abuse of discretion. Any potential impact of *Nichols* on Simone's case has no effect here, for "it is well settled that a change in decisional law is not grounds for relief under Rule 60(b)(6)." *Travelers Indem. Co. v. Sarkisian*, 794 F.2d 754, 757 (2d Cir.1986). Moreover, Rule 60(b) "may not be used as a substitute for a timely appeal." *Nemaizer*, 793 F.2d at 61. As the Supreme Court said in *Ackermann v. United States*, affirming the denial of a Rule 60(b)(6) motion where a party had failed to appeal and then sought to obtain the benefit of another party's appeal in a related case,

> Petitioner made a considered choice not to appeal, apparently because he did not feel that an appeal would prove to be

---

* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

worth what he thought was a required sacrifice of his home. His choice was a risk, but calculated and deliberate and such as follows a free choice. Petitioner cannot be relieved of such a choice because hindsight seems to indicate to him that his decision not to appeal was probably wrong, considering the outcome of the [related] case. There must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from.

340 U.S. 193, 198, 71 S.Ct. 209, 95 L.Ed. 207 (1950). That only seventeen days passed between the deadline for his appeal and the issuance of the Second Circuit's opinion in *Nichols* does not bring Simone's case into the range of the extraordinary, since Simone could easily have protected himself with a direct appeal, but made a strategic decision not to. "Although obviously better informed than foresight, an argument based on hindsight is not a ground upon which a court may grant Rule 60(b) relief." *Nemaizer*, 793 F.2d at 60.

"An appeal from the denial of a 60(b) motion raises only the question of whether that motion was properly disposed; it is not a vehicle for examining the underlying judgment itself." *Cody*, 179 F.3d at 56. While Simone argues that failing to remand his case for reconsideration in light of *Nichols* would work an injustice, we are not tasked with reviewing the district court's original decision to see if it would come out differently under *Nichols*. We are faced only with the question of whether the district court abused its discretion in denying Simone's motion for reconsideration. On this set of facts, we find that no such abuse existed.

Accordingly, the judgment of the district court is **AFFIRMED**.