Sumner L. FELDBERG and Ester Feldberg, Plaintiffs,

Roger H. Goodspeed and Joann P. Goodspeed, Plaintiffs–Appellants,

v.

QUECHEE LAKES CORPORATION, Defendant,

Quechee Lakes Landowners' Association, Wendell Barwood, Judeen Barwood, Frank Tahmoush and Karen Jean Tahmoush, Trustees of Karen Jean Tahmoush Revocable Trust, and Mark Comora, Defendants–Appellees.

No. 05–3980–cv.

United States Court of Appeals, Second Circuit.

Sept. 13, 2006.

See also 463 F.3d 195.

W.E. Whittington, Whittington Law Associates PLLC, Hanover, NH, for Roger H. & Joann P. Goodspeed.

Carl H. Lisman, Lisman, Webster, Kirkpatrick & Leckerling, P.C., Burlington, VT, for Quechee Lake Landowners' Association.

Christopher D. Roy, Downs Rachlin Martin PLLC, Burlington, VT, for Wendell & Judeen Barwood.

Frank H. Olmstead, DesMeules, Olmstead & Ostler, Norwich, VT, for Frank & Karen Jean Tahmoush.

James B. Anderson, Ryan, Smith & Carbine, Ltd., Rutland, VT, for Mark Comora.

PRESENT: Hon. ROSEMARY S. POOLER and Hon. B.D. PARKER, Circuit Judges, and Hon. WILLIAM H. PAULEY, District Judge.*

### SUMMARY ORDER

In a separate per curiam opinion filed today, we held that we only have appellate jurisdiction over Plaintiffs–Appellants Roger H. Goodspeed's and Joann P. Goodspeed's (the "Goodspeeds") appeal from a judgment of the United States District Court for District of Vermont (William K. Sessions III, *Chief Judge*) denying what we construe as a Rule 60(b)(1) motion for relief from a judgment. *See Feldberg v.*

* The Honorable William H. Pauley, United States District Court Judge for the Southern District of New York, sitting by designation.

*Quechee Lakes Corp.,* 463 F.3d 195 (2d Cir.2006). We assume familiarity with the underlying facts, procedural history, and issues on appeal.

We review the district court's denial of a Rule 60(b) motion for abuse of discretion. *Cody, Inc. v. Town of Woodbury,* 179 F.3d 52, 56 (2d Cir.1999). A district court abuses its discretion if it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence. *Transaero, Inc. v. La Fuerza Aerea Boliviana,* 162 F.3d 724, 729 (2d Cir.1998). In an appeal from a denial of a Rule 60(b) motion, we review only that denial; we do not examine the underlying judgment itself. *Cody,* 179 F.3d at 56.

The only issue before us is whether the district court abused its discretion in adhering to its prior ruling that a December 12, 1983 stipulated Final Judgment (the "1983 Final Judgment"), between Sumner and Ester Feldberg (the "Feldbergs") and the Quechee Lakes Corporation ("QLC"), did not involve the twenty-five foot right-of-way across the greenbelt between Defendant–Appellee Mark Comora's property and Allen Family Road.[1] The district court held that the 1983 Final Judgment could not bind non-party successors in interest such as the Defendants–Appellees, and granted their motion to dismiss.

It is well-settled that ordinarily a non-party is not bound by a personal judgment and no one disputes that the Defendants–Appellees were never parties to the 1983 Final Judgment. However, certain judgments involving real or personal property may bind non-party successors in interest to property *involved* in the action. *See* Restatement (Second) Judgments §§ 34(3), 43(1)(a) & (b); *see also Int'l Nu-*

*trition Co. v. Horphag Research, Ltd.,* 220 F.3d 1325, 1329 (Fed.Cir.2000); 18A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure: Jurisdiction 2d* § 4462 (2002). Thus, the key question is whether the 1983 Final Judgment involved Comora's property and the twenty-five foot right-of-way from this property across the greenbelt to Allen Family Road.

A consent decree, such as the 1983 Final Judgment, "is a contract between the parties, and should be interpreted accordingly." *Waldman ex rel. Elliott Waldman Pension Trust v. Riedinger,* 423 F.3d 145, 148 (2d Cir.2005) (internal quotation marks omitted). Because the district court sat in diversity, Vermont law applies. Under Vermont law, whether a contract is ambiguous and, in turn, the construction of an unambiguous contract, are both questions of law. *See State v. Spitsyn,* 174 Vt. 545, 811 A.2d 201, 204 (2002). In determining whether a contract is ambiguous, a court "may consider evidence of the circumstances surrounding the making of the contract," and in determining the meaning of a contract, a court may consider all parts of the contract, "so they form a harmonious whole," but should not "read terms into the contract unless they arise by necessary implication." *Morrisseau v. Fayette,* 164 Vt. 358, 670 A.2d 820, 826 (1995) (internal quotation marks omitted).

No one seriously disputes that the QLC's decision to build condominiums near the Feldbergs triggered the filing of their complaint in 1982, and eventually led the Feldbergs and the QLC to enter into the 1983 Final Judgment. The 1983 Final Judgment fails to mention Comora's property or the twenty-five foot right-of-way

---

1. In July 2003, the Goodspeeds moved to reopen this 1983 Final Judgment, and it is considered the complaint in this case.

across the greenbelt to Allen Family Road, and there is no evidence in the record that the QLC planned to build condominiums on these parcels.

Nonetheless, the Goodspeeds argue that paragraphs 17 and 19 of the 1983 Final Judgment demonstrate that the portion of the greenbelt at issue was actually "involved" in the 1983 Final Judgment. Based solely on the fact that these paragraphs only list lots east of the greenbelt as having access to Allen Family Road, the Goodspeeds argue that these paragraphs implicitly deny access to Allen Family Road from any lot located on the west side of the greenbelt, including Comora's lot and the twenty-five foot right-of-way across the greenbelt. The Goodspeeds claim that, at the very least, these paragraphs create an ambiguity regarding the interpretation of the Final Judgment that should have precluded the district court's original ruling on the motion to dismiss, and its subsequent denial of their Rule 60(b)(1) motion.

We disagree. There are no sufficient references to Comora's property and the twenty-five foot right-of-way across the greenbelt in the 1983 Final Judgment. The district court did not abuse its discretion by refusing to create ambiguity by implication where there was none. To the contrary, a speculative insertion of references to Comora's property and the twenty-five foot right-of-way would violate Vermont contract law, which prevents courts from reading terms into a contract "unless they arise by *necessary* implication." *Morrisseau*, 670 A.2d at 826 (emphasis added).

Moreover, even assuming arguendo that paragraphs 17 and 19 somehow implicitly referred to Comora's property and the twenty-five-foot right of way, the language of these paragraphs indicates that they were intended as personal judgments between the Feldbergs and QLC and not servitudes on land, because they operate as injunctions (*i.e.*, prohibiting QLC from doing certain things on, about, or with Allen Family Road). *See* Restatement (Second) Judgments § 43, cmt. f. In fact, other portions of the 1983 Final Judgment explicitly state that they are to operate as restrictive covenants that run with the land to the benefit of the Feldbergs and their successors in interest, while paragraphs 17 and 19 of the 1983 Final Judgment have no such language. Thus, the district court did not abuse its discretion in characterizing these portions of the 1983 Final Judgment as personal between the Feldbergs and the QLC, incapable of binding successors in interest to the twenty-five foot right-of-way across the greenbelt from Comora's property to Allen Family Road.

Finally, we turn to equitable considerations, which are relevant in deciding whether or not to bind non-parties to a judgment involving real property. *See* Restatement (Second) Judgments § 43, cmt. a. None of the current litigants were parties to the twenty-year old dispute over the construction of condominiums, and the land at issue in this litigation has nothing to do with condominiums. The district court did not abuse its discretion in concluding that the Defendants–Appellees would not have anticipated that the 1983 Final Judgment would ever apply to them, and that binding them to this twenty-year-old judgment would be inequitable.

In sum, we conclude that the district court did not abuse its discretion in concluding that 1983 Final Judgment between the Feldbergs and the QLC primarily concerned the construction of condominiums, was otherwise personal between the two parties, and could not be used to impose

restrictions on non-parties to the original lawsuit or on unrelated parcels of land.[2]

## CONCLUSION

For the foregoing reasons, we affirm the district court's denial of the Goodspeeds' Rule 12 60(b)(1) motion.

---

2. Because we conclude that the district court did not abuse its discretion in finding that the Final Judgment cannot bind the Defendants–Appellees, we need not reach the district court's alternative holding that the Defendants–Appellees had a right of access over the greenbelt that predated the 1983 Final Judgment.