06-5474-bk
In re American Safety Indemnity Company

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term, 2006

(Submitted: May 22, 2007                         Decided: September 6, 2007)

Docket No. 06-5474-bk

_____

IN RE AMERICAN SAFETY INDEMNITY COMPANY

AMERICAN SAFETY INDEMNITY COMPANY,

*Appellant,*

v.

OFFICIAL COMMITTEE OF UNSECURED CREDITORS, ET AL.,

*Appellees.*

_____

Before: WALKER AND CABRANES, *Circuit Judges*, and PAULEY, *District Judge.*[1]

Appellee moves to dismiss appellant's appeal on the ground that it is untimely. Appellant argues (1) that the time limit for filing a notice of appeal in the instant case should run from the date that a corrected judgment was entered by the District Court, and (2) that, in any event, the "unique circumstances" doctrine permits appellate jurisdiction here, where a "law clerk" allegedly told appellant that the time limit would run from the corrected judgment.
Appeal dismissed.

> MARK L. ANTIN, Gennet, Kallmann, Antin
> & Robinson PC,
> New York, New York, *for Appellant.*
>
> JONATHAN E. POLONSKY, Thelen Reid
> Brown Raysman & Steiner LL,

---

[1] The Honorable William H. Pauley III, United States District Judge for the Southern District of New York, sitting by designation.

1

PER CURIAM:

Appellee the Official Committee of Unsecured Creditors of Vanderveer Estates Holdings LLC (the "Committee") moves to dismiss as untimely an appeal of Appellant American Safety Indemnity Company ("ASIC") from a final judgment of the United States District Court for the Eastern District of New York. For the following reasons, the Committee's motion is granted.

**BACKGROUND**

On April 13, 2004, the Committee removed this personal injury action from the New York State Supreme Court to the United States Bankruptcy Court for the Eastern District of New York. In a decision memorandum dated July 20, 2005, the bankruptcy court granted summary judgment dismissing ASIC's claims. The clerk of the bankruptcy court docketed an order and judgment on August 31, 2005 (the "Bankruptcy Order"), and ASIC appealed that judgment to the district court. On October 3, 2006, the district judge affirmed the Bankruptcy Order in an opinion and order. On October 12, 2006, the district court entered a judgment which stated that the "July 20, 2005 order and judgment of the Bankruptcy Court [is] affirmed in all respects" (the "Original Judgment"). Thereafter, the district court amended the Original Judgment on October 26, 2006 by changing its reference to the date of the Bankruptcy Order from July 20, 2005 to August 31, 2005 (the "Corrected Judgment"). Apart from correcting the date, the Original and Corrected Judgments are identical in all material respects.

After receiving the Corrected Judgment, ASIC's counsel telephoned the district judge's chambers to inquire whether the time to appeal ran from the Original Judgment

or the Corrected Judgment. ASIC asserts that the judge's law clerk indicated that an appeal would lie from the Corrected Judgment. Purportedly relying on the law clerk's representation, counsel for ASIC filed its notice of appeal on November 27, 2006 (the "Notice of Appeal").

The Committee moves to dismiss ASIC's appeal for lack of appellate jurisdiction on the ground that the Notice of Appeal was untimely filed. For the following reasons, we grant the Committee's motion to dismiss.

**DISCUSSION**

Federal Rule of Appellate Procedure 4(a)(1) provides, with exceptions not relevant here, that a notice of appeal in a civil case must be filed within 30 days of entry of the judgment from which the appeal is taken. Fed. R. App. P. 4(a)(1). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *See Bowles v. Russell*, 127 S. Ct. 2360, 2366 (2007). "[W]hen an appeal is taken beyond the time set out in the Rule, an appellate court is without jurisdiction to entertain and decide it." *Id.*

ASIC argues that the time to appeal ran from the Corrected Judgment because it constituted the "first proper judgment" of the district court. However, it is well-established that "[w]here a judgment is reentered, and the subsequent judgment does not alter the substantive rights affected by the first judgment, the time for appeal runs from the first judgment." *Farkas v. Rumore*, 101 F.3d 20, 23 (2d Cir. 1996) (citing *FTC v. Minneapolis-Honeywell Regulator Co.*, 344 U.S. 206, 211-12 (1952)); *see also Rezzonico v. H&R Block, Inc.*, 182 F.3d 144, 150 (2d Cir. 1999) ("[O]nly when the lower court changes matters of substance, or resolves a genuine ambiguity, in a judgment previously

rendered should the period within which an appeal must be taken . . . begin to run anew." (quoting *FTC*, 344 U.S. at 211-12)).

The district court issued the Original Judgment on October 12, 2006 and the Corrected Judgment on October 26, 2006. The language of the two judgments is essentially the same except for the clerical correction of the date of the Bankruptcy Order. As such, the entry of the amended judgment did not substantively alter the disposition of the Original Judgment. *See Farkas v. Rumore*, 101 F.3d 20, 22 (2d Cir. 1996) (a second judgment that is identical to the first but corrects only technical errors does not constitute a substantive change). Because the Corrected Judgment "does not differ from the [Original] in matters affecting the substantive rights of the parties, the time to appeal runs from the first judgment." *Cody, Inc. v. Town of Woodbury*, 179 F.3d 52, 55 (2d Cir. 1999); *see also Farkas*, 101 F.3d at 22 (absent substantive changes, the reentry of a judgment does not restart the time for filing a notice of appeal). Since the Notice of Appeal was filed on November 27, 2006, more than 30 days after the Original Judgment, it was untimely.

In the alternative, ASIC asserts that the exceptional facts of this case compel the application of the "unique circumstances" doctrine, relaxing the strict enforcement of the Federal Rules of Appellate Procedure and rendering this appeal timely. *See, e.g., Thompson v. INS*, 375 U.S. 384, 387 (1964) (per curiam); *Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc.*, 371 U.S. 215, 217 (1962) (per curiam). However, the Supreme Court has expressly abrogated that doctrine. *See Bowles*, 127 S. Ct. at 2366 ("[W]e overrule *Harris Truck Lines* and *Thompson* to the extent they purport to authorize an exception to a jurisdictional rule.").

4

The wisdom of *Bowles* is confirmed in this case by the mischief that would be spawned by excusing untimeliness on the basis of law clerk statements. Litigants should not seek legal advice from judges or judicial staff, and in any case, attorneys should know better than to rely on such advice. Moreover, ad hoc inquiries regarding purported advice are difficult to conduct, lead to uncertain results and meddle in the internal workings of judges' chambers.

## CONCLUSION

Accordingly, we lack appellate jurisdiction to review the district court's affirmance of the Bankruptcy Order and grant the Committee's motion to dismiss.