**UNITED STATES of America,**
**Appellee,**

v.

**Josephine CRONE, Defendant,**

Joseph Mermelstein, Defendant–
Appellant.

No. 08–2925–cr.

United States Court of Appeals,
Second Circuit.

Aug. 26, 2009.

Charles S. Kleinberg, (Peter A. Norling, on the brief), Assistant United States Attorneys, for Benton J. Campbell, Acting United States Attorney, Eastern District of New York, Brooklyn, N.Y., for Appellee.

Raymond R. Granger (Howard B. Zakai, on the brief), Law Offices of Raymond R. Granger, New York, N.Y., for Appellant.

Present: JOSEPH M. McLAUGHLIN, ROSEMARY S. POOLER and REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Joseph Mermelstein appeals from a June 11, 2008 judgment of the district court convicting him, upon his plea of guilty, of conspiring to make false records in relation to health care matters, in violation of 18 U.S.C. § 371, and sentencing him, principally, to a term of 60 months' incarceration. Mermelstein argues that the district court (1) erred in crediting the testimony of his coconspirator that he blackmailed her into engaging in sex; (2) failed to consider the required factors under 18 U.S.C. § 3553(a), rendering his sentence procedurally unreasonable; and (3) gave undue weight to his alleged sexual abuse of his coconspirator and insufficient consideration to his cardiac condition, with the result that his sentence is substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review a sentence under an abuse-of-discretion standard, considering both procedural and substantive reasonableness. *Gall v. United States,* 552 U.S. 38, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).

To determine whether a sentence is procedurally unreasonable, we consider "such factors as whether the district court properly ... considered the Guidelines together with the other factors outlined in 18 U.S.C. § 3553(a)." *United States v. Rattoballi,* 452 F.3d 127, 131–32 (2d Cir.2006), *abrogation on other grounds recognized by United States v. Cavera,* 550 F.3d 180 (2d Cir.2008) (en banc). To assess substantive reasonableness, "we consider whether the length of the sentence is reasonable in light of the factors outlined in 18 U.S.C. § 3553(a)." *Id.* We review the district court's findings of fact for clear error. *Id.*

■ Mermelstein argues that his coconspirator's testimony was so inconsistent and implausible as to preclude the district court's reliance on it even under the preponderance standard applicable to sentencing proceedings. *See United States v. Irving,* 554 F.3d 64, 72 (2d Cir.2009). We afford the trial court's factfinding based on credibility determinations "[p]articularly strong deference." *United States v. Gaines,* 457 F.3d 238, 243 (2d Cir.2006); *see also Anderson v. City of Bessemer City,* 470 U.S. 564, 575, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) ("[W]hen a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error."). Applying this standard, we have considered Mermelstein's arguments, and we find them—individually and as a whole—insufficient to manifest clear error.

■ Mermelstein also argues that the district court committed procedural error by failing to consider the 18 U.S.C. § 3553(a) factors or explain the sentence adequately. Although Mermelstein concedes that the district court analyzed the

Section 3553(a) factors at the May 23, 2008 hearing, he argues that the court was distracted by the issue of the coerced sexual "affair," and failed to give those factors fair consideration prior to imposing sentence on June 3, 2008. While the district judge did not restate his analysis of the sentencing factors from the May 23 hearing at the June 3 hearing, he was not required to do so, and the record demonstrates that he did not disregard the "broad array of relevant information here when it comes to the appropriate sentence."

■ Mermelstein next argues that the sentence the district court imposed—the maximum permitted by the relevant statute, and a significant departure from the Guidelines range—was substantively unreasonable because it was greater than necessary to accomplish the goals of sentencing. *See United States v. Sindima,* 488 F.3d 81, 84–88 (2d Cir.2007). The district court concluded that Mermelstein's cardiac condition was "at some level ... a serious condition," but it could be treated as effectively in prison as out of prison. This is a fair assessment of the medical opinions in the record, which do not support Mermelstein's exaggerated claim that incarceration would increase his risk of sudden cardiac death to a degree significantly greater than it would for any other member of the general population.

■ Finally, we detect no clear error in the district court's finding that the sexual abuse and the fraud were integrally interwoven, because Mermelstein used the threat of disclosure of the "affair" to coerce his co-conspirator both into engaging in sex and perpetrating the fraud. Mermelstein's conduct, which the district court accurately described as "beyond the pale," "bear[s] the weight assigned to it

under the totality of circumstances in the case." *Cavera,* 550 F.3d at 191. We also note that Mermelstein's offense involved an egregious fifteen-year fraudulent scheme that placed the health of patients at risk.

We have considered Mermelstein's remaining contentions on appeal and conclude that they are without merit. Accordingly, the judgment of the district court hereby is AFFIRMED. The government's remaining motions are denied as moot.