11-2568-cr
United States v. Mermelstein

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of September, two thousand twelve.

PRESENT:   REENA RAGGI,
                       GERARD E. LYNCH,
                       DENNY CHIN,
                                   *Circuit Judges.*

------------------------------------------------------------------------
UNITED STATES OF AMERICA,
                       *Appellee*,

                       v.                                                No. 11-2568-cr

JOSEPH MERMELSTEIN,
                       *Defendant-Appellant*.
------------------------------------------------------------------------

APPEARING FOR APPELLANT:        AVROM ROBIN (Joseph Mermelstein, *pro se*, *on the opening brief*; Ariadne Greene, *on the reply brief*), Law Offices of London and Robin, New York, New York.

APPEARING FOR APPELLEE:        CHARLES S. KLEINBERG (Emily Berger, *on the brief*), Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from an order of the United States District Court for the Eastern District of

New York (John Gleeson, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the final order entered on June 23, 2011, is VACATED and defendant's notice of appeal is duly noted.

Defendant Joseph Mermelstein was convicted of conspiracy to falsify medical records affecting Medicare and insurance reimbursements and sentenced to the maximum term of five years' incarceration. See United States v. Crone, 343 F. App'x 688, 690-91 (2d Cir. 2009) (summary order affirming conviction). He now appeals from the June 23, 2011 denial of his May 27, 2011 pro se motion for an extension of time to file a notice of appeal, see Fed. R. App. P. 4(a)(5)(A), from the denial of his motion for the return of some of his medical records, see Fed R. Crim. P. 41(g).[1] Mermelstein, who is now represented by counsel but who filed his opening brief pro se, argues that the district court erred in (1) concluding that his failure to file a timely notice of appeal was not the result of excusable neglect, and (2) declining to construe his extension motion as a timely notice of appeal. Because we rule in Mermelstein's favor on the second point, we need not address his first argument. We assume

---

[1] The district court docket sheet indicates that Mermelstein appealed from three orders, entered on March 4, 2011, June 13, 2011, and June 23, 2011. This does not accurately represent Mermelstein's June 23, 2011 notice of appeal, which clearly expressed his intent to appeal only from the June 13, 2011 order denying his motion for an extension of time. See Meilleur v. Strong, 682 F.3d 56, 60 (2d Cir. 2012) ("We construe notices of appeal liberally, taking the parties' intentions into account." (internal quotation marks omitted)). Indeed, Mermelstein has expressly asked us to refrain from reviewing the court's underlying March 4, 2011 decision regarding the merits of his Rule 41(g) motion.

the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

In his May 27, 2011 extension motion, Mermelstein relied primarily on the concept of excusable neglect. See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). In rejecting this argument, the district court appears to have overlooked Mermelstein's alternative request to treat his motion as a timely filed notice of appeal from the March 4, 2011 denial of his Rule 41(g) motion. Consistent with its obligation to construe pro se filings liberally, see Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010), the district court was required to consider whether a notice of appeal filed on May 27, 2011, would have been timely as to the March 4, 2011 order denying return of property. We conclude that this question must be answered in Mermelstein's favor.

Where, as here, the United States is a party, "[t]he notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(B). Thus, the original deadline to appeal from the March 4, 2011 order was May 3, 2011. Nevertheless, if a party files a timely motion for relief from a judgment or order under Fed. R. Civ. P. 60 no later than 28 days after judgment is entered, the time to file an appeal runs from the district court's entry of the order disposing of the last remaining Rule 60 motion. See Fed. R. App. P. 4(a)(4)(A)(vi); Johnson v. Univ. of Rochester Med. Ctr., 642 F.3d 121, 124 (2d Cir. 2011) (per curiam); see also Cody, Inc. v. Town of Woodbury, 179

3

F.3d 52, 56 (2d Cir. 1999) (noting that filing of Rule 60 motion increases time allowed for filing appeals).[2]

After the district court denied Mermelstein's Rule 41(g) motion, Mermelstein, acting pro se, sent two letters to the district court, on March 10, 2011, and March 18, 2011, continuing to seek relief. Apparently treating the letters as Fed. R. Civ. P. 60 motions, the district court summarily denied the requested relief in orders dated March 21, 2011 and April 1, 2011. Thus, the 60-day period for Mermelstein to file an appeal from the denial of his Rule 41(g) motion did not begin to run until April 1, 2011, and Mermelstein could have filed a timely notice of appeal from the March 4, 2011 order until May 31, 2011—which was four days after he filed the extension motion at issue here. On this record, the extension motion is properly viewed as a timely notice of appeal.

---

[2] The government's reliance on cases applying the "well-established [rule] that where a judgment is reentered, and the subsequent judgment does not alter the substantive rights affected by the first judgment, the time for appeal runs from the first judgment," In re Am. Safety Indem. Co., 502 F.3d 70, 72 (2d Cir. 2007) (brackets and internal quotation marks omitted); see Cody, Inc. v. Town of Woodbury, 179 F.3d at 55, is misplaced. That rule applies where a district court reenters a judgment or order (usually sua sponte) to correct a technical error. See Farkas v. Rumore, 101 F.3d 20, 22 (2d Cir. 1996) (per curiam). Where, as here, a party seeks Rule 60 relief, that party need not prevail in order for the time to file a notice of appeal to be extended. See Cody, Inc. v. Town of Woodbury, 179 F.3d at 56.

Accordingly, we VACATE the district court's June 23, 2011 order and we direct the

Clerk of Court to note the notice of appeal and to set a briefing schedule in this case.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court