Idrissa ADAMOU, Plaintiff-Appellee,

v.

Detective Edward J. DOYLE, in his individual capacity, Defendant-Appellant.[1]

No. 17-255

United States Court of Appeals, Second Circuit.

January 2, 2018

FOR PLAINTIFF-APPELLEE: Richard L. Giampa, Zachary Giampa, Richard L. Giampa, Esq. P.C., Bronx, NY, on the brief.

FOR DEFENDANT-APPELLANT: MARK A. RADI, Sokoloff Stern LLP, Carle Place, NY.

PRESENT: Rosemary S. Pooler, Richard C. Wesley, Peter W. Hall, Circuit Judges.

1. The Clerk of the Court is respectfully directed to amend the caption to conform to the above.

## SUMMARY ORDER

Defendant-Appellant Detective Edward J. Doyle appeals from a January 12, 2017 Order of the United States District Court for the Southern District of New York (Carter, *J.*), clarifying an Order of March 14, 2016, that denied Detective Doyle's Federal Rule of Civil Procedure 12(b)(6) motion to dismiss on the basis of absolute and qualified immunity. Detective Doyle also appeals from a March 9, 2017 Order of the same court, denying his Federal Rule of Civil Procedure 12(c) motion for judgment on the pleadings. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We note at the outset that we do not possess jurisdiction to review the district court's January 12, 2017 Order. That Order merely clarified the court's March 14, 2016 Order denying Detective Doyle's motion to dismiss and did not "alter the substantive rights affected by the first judgment." *In re Am. Safety Indem. Co.*, 502 F.3d 70, 72 (2d Cir. 2007) (quoting *Farkas v. Rumore*, 101 F.3d 20, 23 (2d Cir. 1996)). Accordingly, the 30-day deadline to file an appeal from the district court's denial of Detective Doyle's Rule 12(b)(6) motion to dismiss ran from March 14, 2016—the date of the first judgment on the motion. Detective Doyle's appeal of the January 12, 2017 Order is therefore untimely. We do have jurisdiction, however, over Detective Doyle's timely appeal from the March 9, 2017 Order denying his 12(c) motion for judgment on the pleadings.

We review the denial of absolute or qualified immunity *de novo. See Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (absolute immunity); *Benzman v. Whitman*, 523 F.3d 119, 125 (2d Cir. 2008) (qualified immunity). Under *Rehberg v. Paulk*, 566 U.S. 356, 369, 132 S.Ct. 1497, 182 L.Ed.2d 593 (2012), a grand jury witness, including a law enforcement officer, "has absolute immunity from any § 1983 claim based on the witness' testimony," even if that testimony is perjurious. Detective Doyle is entitled to absolute immunity in this case because plaintiff's claims are "'based on'" his allegedly false grand jury testimony, "as that term is used in *Rehberg*." *Coggins v. Buonora*, 776 F.3d 108, 113 (2d Cir. 2015) (quoting *Rehberg*, 566 U.S. at 369, 132 S.Ct. 1497).

Accordingly, the March 9, 2017 Order of the district court is REVERSED and the case REMANDED with instructions to grant Detective Doyle's motion to dismiss.