17-255
*Adamou v. Doyle*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of January, two thousand eighteen.

PRESENT:  ROSEMARY S. POOLER,
          RICHARD C. WESLEY,
          PETER W. HALL,
                    *Circuit Judges.*

---

IDRISSA ADAMOU,

                    *Plaintiff-Appellee,*

          v.                                        No. 17-255

DETECTIVE EDWARD J. DOYLE, in his
individual capacity,

                    *Defendant-Appellant.*[1]

---

[1] The Clerk of the Court is respectfully directed to amend the caption to conform to the above.

FOR PLAINTIFF-APPELLEE:          Richard L. Giampa, Zachary Giampa,
                                 Richard L. Giampa, Esq. P.C., Bronx, NY,
                                 *on the brief.*

FOR DEFENDANT-APPELLANT:     MARK A. RADI, Sokoloff Stern LLP, Carle
                                 Place, NY.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the March 9, 2017 Order of the district court

is **REVERSED** and the case is **REMANDED** with instructions to grant

Defendant-Appellant's motion to dismiss.

Defendant-Appellant Detective Edward J. Doyle appeals from a January

12, 2017 Order of the United States District Court for the Southern District of

New York (Carter, *J.*), clarifying an Order of March 14, 2016, that denied

Detective Doyle's Federal Rule of Civil Procedure 12(b)(6) motion to dismiss on

the basis of absolute and qualified immunity.  Detective Doyle also appeals from

a March 9, 2017 Order of the same court, denying his Federal Rule of Civil

Procedure 12(c) motion for judgment on the pleadings.  We assume the parties'

familiarity with the underlying facts, procedural history, and issues on appeal.

We note at the outset that we do not possess jurisdiction to review the

district court's January 12, 2017 Order.  That Order merely clarified the court's

March 14, 2016 Order denying Detective Doyle's motion to dismiss and did not "alter the substantive rights affected by the first judgment." *In re Am. Safety Indem. Co.*, 502 F.3d 70, 72 (2d Cir. 2007) (quoting *Farkas v. Rumore*, 101 F.3d 20, 23 (2d Cir. 1996)). Accordingly, the 30-day deadline to file an appeal from the district court's denial of Detective Doyle's Rule 12(b)(6) motion to dismiss ran from March 14, 2016—the date of the first judgment on the motion. Detective Doyle's appeal of the January 12, 2017 Order is therefore untimely. We do have jurisdiction, however, over Detective Doyle's timely appeal from the March 9, 2017 Order denying his 12(c) motion for judgment on the pleadings.

We review the denial of absolute or qualified immunity *de novo*. *See Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (absolute immunity); *Benzman v. Whitman*, 523 F.3d 119, 125 (2d Cir. 2008) (qualified immunity). Under *Rehberg v. Paulk*, 566 U.S. 356, 369 (2012), a grand jury witness, including a law enforcement officer, "has absolute immunity from any § 1983 claim based on the witness' testimony," even if that testimony is perjurious. Detective Doyle is entitled to absolute immunity in this case because plaintiff's claims are "'based on'" his allegedly false grand jury testimony, "as that term is used in *Rehberg*." *Coggins v. Buonora*, 776 F.3d 108, 113 (2d Cir. 2015) (quoting *Rehberg*, 566 U.S. at 369).

Accordingly, the March 9, 2017 Order of the district court is REVERSED

and the case REMANDED with instructions to grant Detective Doyle's motion to

dismiss.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk