UNITED STATES of America,
Appellee,

v.

**Luiz Ben ZVI, Defendant–Appellant.**

**No. 06–5360–cr.**

United States Court of Appeals,
Second Circuit.

April 23, 2008.

Matthew Muraskin, Huntington, NY, for Appellant.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Peter A. Norling, David C. James, Assistant United States Attorneys, Brooklyn, NY, for Appellee.

PRESENT: Hon. ROBERT D. SACK, and Hon. B.D. PARKER, Circuit Judges, Hon. MIRIAM GOLDMAN CEDARBAUM, District Judge.*

### SUMMARY ORDER

Defendant–Appellant Luiz Ben Zvi appeals from a September 21, 2005 memorandum opinion and order of the United States District Court for the Eastern District of New York denying her petition for a writ of error coram nobis. The government urges us to dismiss this appeal as

---

* The Honorable Miriam Goldman Cedarbaum, United States District Judge for the Southern District of New York, sitting by designation.

untimely. We assume the parties' and counsel's familiarity with the underlying facts and procedural history of this case.

The Federal Rules of Appellate Procedure provide that a notice of appeal in a civil case in which the United States is a party must be filed with the district court clerk within sixty days after the judgment or order appealed from is entered. Fed. R.App. P. 4(a)(1)(B). "An appeal from an order granting or denying an application for a writ of error coram nobis is an appeal in a civil case for purposes of Rule 4(a)." Fed. R.App. P. 4(a)(1)(C). It is now settled law that " 'the timely filing of a notice of appeal in a civil case is a jurisdictional requirement,' " and " 'when an appeal is taken beyond the time set out in the Rule, an appellate court is without jurisdiction to entertain and decide it.' " *In re Am. Safety Indem. Co.*, 502 F.3d 70, 72 (2d Cir. 2007) (per curiam) (quoting *Bowles v. Russell*, —— U.S. ——, 127 S.Ct. 2360, 2366, 168 L.Ed.2d 96 (2007) (alterations omitted)).

Ben Zvi filed a notice of appeal on November 20, 2006, nearly fourteen months after the district court entered its order denying her petition for a writ of error coram nobis. Because the notice of appeal was untimely under Rule 4(a), we are without jurisdiction to consider the merits of Ben Zvi's coram nobis petition.

Ben Zvi's notice of appeal states that her counsel was given notice of the district court's September 21, 2005 order on November 8, 2006. (Her brief on appeal states that counsel received notice on November 9, 2006.) This statement, by itself, does not restore our jurisdiction. The *district court* may reopen the time to file an appeal, but only if:

> (A) the court finds that the moving party did not receive notice ... of the entry of the judgment or order sought to be appealed within 21 days after entry;

> (B) the [defendant's] motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice ... of the entry, whichever is *earlier;* and

> (C) the court finds that no party would be prejudiced.

Fed. R.App. P. 4(a)(6) (emphasis added). In this case, Ben Zvi did not file a motion to reopen the time to appeal, and the district court did not make the findings that would be necessary to grant such a motion. Nor would the district court have had discretion to construe the notice of appeal as a motion to reopen and grant it, inasmuch as the notice was not filed within 180 days of the order denying coram nobis relief as required under Rule 4(a)(6)(B).

For the foregoing reasons, the appeal is DISMISSED.