09-2547-cv
Napoli v. Town of New Windsor

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2009

(Argued: February 5, 2010,                                      Decided: March 29, 2010)


Docket No. 09-2547-cv

_____

MICHAEL NAPOLI, SR.,

Plaintiff-Appellee,

v.

TOWN OF NEW WINDSOR and GEORGE GREEN,

Defendants-Appellants.


_____

POOLER, RAGGI, and LIVINGSTON, Circuit Judges.


_____

Defendants appeal from a January 12, 2009 order of the district court denying defendants' motion for summary judgment on qualified immunity grounds and a May 14, 2009 order of the district court clarifying its previous order. Defendants filed their notice of appeal on June 9, 2009. We hold that the district court's clarification of issues completely unrelated to qualified immunity does not restart the time in which defendants can seek an interlocutory appeal. Therefore, because we find that defendants' appeal is untimely under Federal Rule of Appellate

Procedure 4(a), we dismiss the appeal for lack of jurisdiction.

ROBERT N. ISSEKS (Christopher Gurda, on the brief), Middletown, NY, for Plaintiff-Appellee.

MICHAEL K. BURKE, Burke, Miele & Golden, LLP, Goshen, NY, for Defendants-Appellants.

_____

Per Curiam:

Defendants appeal from a January 12, 2009 order of the district court denying defendants' motion for summary judgment on qualified immunity grounds and a May 14, 2009 order of the district court clarifying its previous order. Because we find that defendants' appeal is untimely under Federal Rule of Appellate Procedure 4(a), we dismiss the appeal for lack of jurisdiction.

## BACKGROUND

Plaintiff Michael Napoli ("Napoli" or "plaintiff") brought suit against the Town of New Windsor and George Green, in his individual and official capacities, pursuant to 42 U.S.C. § 1983, alleging that Green retaliated against him for exercising his First Amendment rights. After discovery, defendants filed for summary judgment, arguing, inter alia, that Green was entitled to qualified immunity. On January 12, 2009, the district court denied the motion, holding that issues of fact prevented the court from granting Green qualified immunity.

After a pre-trial conference with the court, plaintiff filed a letter brief asking the court for clarification on several issues that the district court had not addressed in its previous order – whether Green was the final policymaker for the Town under Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978), and whether Napoli's workers' compensation benefits barred him from seeking damages against Green for his physical injuries.

2

The district court construed plaintiff's request as a motion for clarification under Rule 60 of the Federal Rules of Civil Procedure and on May 14, 2009, ruled in plaintiff's favor on both issues. Defendants filed an interlocutory appeal of the court's qualified immunity ruling on June 9, 2009.

**DISCUSSION**

The courts of appeals only have jurisdiction to consider "final decisions," 28 U.S.C. § 1291, and ordinarily, "the denial of a motion for summary judgment is not immediately appealable because such a decision is not a final judgment." Cowan v. Breen ex rel. Estate of Cooper, 352 F.3d 756, 760 (2d Cir. 2003) (internal quotation marks omitted). However, "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." Tierney v. Davidson, 133 F.3d 189, 194 (2d Cir. 1998) (quoting Mitchell v. Forsyth, 472 U.S. 511, 530 (1985)). Defendants challenge the district court's denial of qualified immunity to Green on the facts alleged, and thus, they have the right to take an interlocutory appeal from that decision.

Napoli argues, however, that defendants' notice of appeal was untimely because they did not file it within 30 days of the court's order denying defendants' motion for summary judgment. Federal Rule of Appellate Procedure 4(a)(1) provides that a notice of appeal in a civil case must be filed within 30 days of entry of the judgment or order from which the appeal is taken. See Fed. R. App. P. 4(a)(1). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." In re Am. Safety Indem. Co., 502 F.3d 70, 72 (2d Cir. 2007) (quoting Bowles v. Russell, 551 U.S. 205, 214 (2007)). Thus, "[w]hen an appeal is taken beyond the time

3

set out in the Rule, an appellate court is without jurisdiction to entertain and decide it." Id.
(internal quotation marks omitted). The district court's decision on qualified immunity was dated and filed on January 12, 2009, and defendants filed their Notice of Appeal on June 9, 2009. Consequently, defendants' notice of appeal was untimely and we lack jurisdiction to entertain their appeal.

Defendants argue that the time to appeal should run from the court's May 14, 2009 order on plaintiff's motion for clarification, and not from the district court's original order. We have previously held that "when the lower court changes matters of substance, or resolves a genuine ambiguity, in a judgment previously rendered . . . the period within which an appeal must be taken . . . begin[s] to run anew." Rezzonico v. H & R Block, Inc., 182 F.3d 144, 150 (2d Cir. 1999) (quoting FTC v. Minneapolis-Honeywell Regulator Co., 344 U.S. 206, 211-12 (1952)); see also In re Am. Safety Indem. Co., 502 F.3d at 72; Farkas v. Rumore, 101 F.3d 20, 23 (2d Cir. 1996).

However, in this case, the court's order on plaintiff's motion for clarification did not mention, let alone change the substance of, the court's previous ruling on qualified immunity. Instead, the second order addressed plaintiff's Monell claim against the Town of New Windsor and plaintiff's claim of damages for his physical injuries, two issues on which defendants cannot seek interlocutory appeal. The district court's clarification of issues completely unrelated to qualified immunity does not restart the time in which defendants can seek an interlocutory appeal. See Cuyahoga Valley Ry. Co. v. Tracy, 6 F.3d 389, 394-95 (6th Cir. 1993) ("The relevant case law in no way suggests that once one issue has been modified, all of the issues from the original order are fair game for appeal."); Keith v. Truck Stops Corp. of America, 909 F.2d

4

743, 746 (3d Cir. 1990) ("An order substantively changing a judgment constitutes a new judgment with its own time for appeal <u>at least where the change is the subject matter to be reviewed</u>.") (emphasis added).

Thus, insofar as defendants seek review of the district court's January 12, 2009 order, we lack jurisdiction because the notice of appeal was untimely. Insofar as defendants seek review of the district court's May 14, 2009 order, we lack jurisdiction because it is not a final decision within the meaning of 28 U.S.C. § 1291.

## CONCLUSION

Accordingly, defendants' appeal is **DISMISSED** for lack of jurisdiction.