09-4931-cv
Priestley v. Headminder, Inc.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

August Term, 2010

(Argued: October 12, 2010              Decided: July 28, 2011)

Docket No. 09-4931-cv

KATHERINE PRIESTLEY,

*Plaintiff-Appellee*,

v.

HEADMINDER, INC.,

*Defendant-Appellant*,

PANMEDIX, INC., ELECTRONIC KNOWLEDGE PUBLISHING, INC.,
MCDONALD COMRIE, PHILIP YEE, DR. DAVID ERLANGER,

*Defendants.*

Before: MCLAUGHLIN and HALL, *Circuit Judges*, and BERMAN, *District Judge*.[*]

Defendant Headminder, Inc. appeals from the October 20, 2009 order and the October

27, 2009 amended judgment of the United States District Court for the Southern District of New

York (Harold Baer, Jr., *J.*). The amended judgment includes Headminder as a party liable on the

district court's original grant of summary judgment against the defendants. We hold that the

_____

[*]The Honorable Richard M. Berman, United States District Judge for the Southern
District of New York, sitting by designation.

district court erred in granting summary judgment against Headminder because Plaintiff

Katherine Priestley did not move for summary judgment against it. We therefore REVERSE the

decision of the district court insofar as it granted summary judgment against Headminder, and

we REMAND to the court with instructions to strike Headminder as a party subject to the

amended judgment.

> DWIGHT YELLEN, Ballon Stoll Bader &
> Nadler, P.C., New York, New York, *for
> Defendant-Appellant*.

> PHILIP A. BYLER, Nesenoff & Miltenberg,
> LLP, New York, New York, *for Plaintiff-
> Appellee*.

PER CURIAM:

Defendant Headminder, Inc. appeals from the October 20, 2009 order and the October

27, 2009 amended judgment of the United States District Court for the Southern District of New

York (Harold Baer, Jr., *J.*). The district court's order denied in part Headminder's Rule 60

motion[1] brought under the Federal Rules of Civil Procedure to amend the court's August 28,

2008 judgment ("2008 judgment" or "original judgment"). That motion, *inter alia*, requested

that the court strike Headminder as a party subject to the judgment because Priestley had not

moved for summary judgment against it. The court concluded that because Plaintiff Katherine

Priestley's complaint asserted contract claims against all of the corporate defendants—including

---

[1] Although the named directors and officers of PanMedix also moved for an amended judgment, because this appeal is brought by Headminder only, for ease of reference we discuss here only the issues raised by Headminder.

Headminder—and because she was subsequently granted summary judgment on those claims, Headminder should not be relieved from the effects of the original judgment.

Because Priestley did not move for summary judgment against Headminder, we hold that the district court erred in granting summary judgment against it. Additionally, we hold that the district court's determination that Headminder defaulted in failing to file a timely answer to the complaint does not otherwise provide a valid basis for maintaining Headminder as a party liable on the amended judgment. We therefore reverse the decision of the district court insofar as it granted summary judgment against Headminder, and we remand to the court with instructions to strike Headminder as a party subject to the amended judgment.

## BACKGROUND

In 1997 Katherine Priestley became a shareholder in Xcape, Inc., which in 2000 was restructured into PanMedix Corporation, a biotechnology company. PanMedix and Headminder, also a biotechnology company, entered into a joint venture agreement in 2000 to produce and sell a new line of biotechnology products. In 2001 Priestley loaned PanMedix $750,000 subject to the terms of a one-year promissory note (the "note"). PanMedix's president, McDonald Comrie, signed the note and also signed an unconditional agreement of guarantor in his capacity as president of Electronic Knowledge Publishing, Inc. ("EKP"), a subsidiary of PanMedix. The note evidenced a debt of $750,000 in principal, with interest at 11.5% for the one-year term of the note and thereafter at 13% per annum from April 6, 2002 onward until the principal was paid.

In April 2002, PanMedix defaulted on the note. Although Priestley sent a notice of default, she was told that if she called the note due, PanMedix would declare bankruptcy, its operations would cease, and the value of the collateral pledged in support of the loan would no

3

longer cover the monies due on the loan. As a result Priestley declined to enforce the note's provisions at that time and instead loaned PanMedix an additional $85,000, subject to the terms of the original note, based upon Comrie's representation that these funds would allow the company to recapitalize successfully.

Despite this additional loan PanMedix continued to suffer from undercapitalization and insufficient revenue generation. As a consequence it again defaulted on the note. Priestley sent PanMedix a notice of default on November 30, 2005, declaring the entire principal amounts and all accrued interest due and payable at that time. No payments were made.

### PROCEDURAL HISTORY

On February 23, 2007, Priestley filed a complaint in the United States District Court for the Southern District of New York asserting four causes of action. In counts one and two Priestley alleged that PanMedix, EKP, and Headminder breached the terms of the note by failing to repay the principal and interest of the 2001 and 2002 loans. More specifically, she asserted that PanMedix was directly obligated to repay the loans, that EKP was the guarantor of the amounts owed by PanMedix, and that Headminder was also liable on the note based on what she alleged was a *de facto* merger between PanMedix and Headminder. In counts three and four Priestley asserted a derivative action on behalf of PanMedix for damages proximately caused by three named directors and officers of the corporation (the "directors and officers") who are alleged to have breached their fiduciary duties of loyalty and care.

On November 27, 2007, the district court granted in part and denied in part defendants' motion to dismiss Priestley's direct and derivative claims, dismissing only the derivative claims against the directors and officers. Priestley subsequently moved for summary judgment on

4

January 15, 2008 against PanMedix and EKP. Notably, Priestley did not move for summary judgment against Headminder. In fact, Priestley made no reference to Headminder in any of her motion papers filed with the district court.

About two weeks later, and over sixty days after the district court's disposition of their motion to dismiss, the defendants collectively filed an answer to the complaint and asserted counterclaims. Priestley then moved to strike the answer and sought a default judgment pursuant to Rule 6 and Rule 55 of the Federal Rules of Civil Procedure.

After defendants filed oppositions to Priestley's motions and an attempt at settlement negotiations failed, the district court granted summary judgment in an August 25, 2008 order against all the named defendants—PanMedix, EKP, and Headminder, as well as the three directors and officers. In doing so the district court granted summary judgment not only against parties against which Priestley had not sought summary judgment, but also against parties the court had already dismissed from the case. Additionally, in the course of awarding summary judgment, the district court determined that the defendants' answer and counterclaims were untimely and that they had procedurally defaulted. The district court, however, did not enter a default judgment. The court's August 28, 2008, judgment was based solely on its August 25 grant of summary judgment in favor of Priestley.

Defendants filed a letter motion on September 9, 2008 requesting the district court to amend the judgment to clarify which of the defendants were subject to the grant of summary judgment. While this request was pending, defendants filed a notice of appeal on September 23, 2008 as to the August 28 judgment. Less than a month later defendants again submitted a letter to the district court stating the August 28 judgment contained an inadvertent error. Specifically,

5

they asserted that even though the district court dismissed the derivative claims against the PanMedix directors and officers in 2007 and that Priestley's motion for summary judgment was brought only against PanMedix and EKP, the court had nonetheless entered judgment against all of the defendants. The court responded to these requests stating it lacked jurisdiction to address them. The court directed the defendants to request an amended judgment from this Court on appeal.

On October 30, 2008, the parties entered into a stipulation withdrawing the appeal from active consideration. The stipulation provided that the appeal could be reactivated by written notice to this Court by January 15, 2009. Having received no such notice, in March 2009 this Court dismissed the appeal as withdrawn.

Following the dismissal of the appeal and another failed round of settlement negotiations, on August 20, 2009 Headminder and the directors and officers filed a Rule 60 motion to amend the judgment. They argued that while the district court had properly entered judgment against PanMedix and EKP, the court erred in entering judgment against them. In its October 20, 2009 order the district court concluded that the directors and officers should not have been included in the 2008 judgment. The court determined, however, that the entry of judgment against Headminder was appropriate because Priestley had "asserted Contract Claims against all of the Corporate Defendants, including Headminder, and was granted summary judgment on those claims." The district court ordered that defendants' "motion to correct the 2008 judgment is GRANTED IN PART and that an amended judgment that reflects the dismissal of the Individual Defendants, but not Headminder, be entered forthwith." It entered an amended judgment on

6

October 27, 2009 that withdrew the original judgment but explicitly maintained Headminder as a liable party. This appeal followed.

## DISCUSSION

Headminder argues on appeal that the district court erred by including it as a party liable on the judgment because Priestley neither moved for summary judgment against it nor provided any facts in her motion that would support such a result. Furthermore, Headminder submits that Priestley's alternate basis in support of Headminder's inclusion on the judgment—a *de facto* merger—is unavailing because the complaint fails to state a claim against Headminder pursuant to the *de facto* merger doctrine. We agree and therefore reverse the district court's decision granting summary judgment against Headminder.

## I

As a preliminary matter we must first determine our scope of review. Priestley argues that our review is limited to whether the district court abused its discretion in denying Headminder's August 2009 Rule 60 motion. *See Malik v. McGinnis*, 293 F.3d 559, 561 (2d Cir. 2002) ("An appeal from an order denying a Rule 60(b) motion for reconsideration brings up for review only the denial of the motion and not the merits of the underlying judgment." (citation and internal quotation marks omitted)). Headminder contends, however, that its September 2008 motion for an amended judgment tolled the period for filing a notice of appeal. Because the district court did not effectively rule on this first motion until it decided Headminder's Rule 60 motion on October 20, 2009, Headminder submits that its November 25, 2009 notice of appeal from the amended judgment allows this Court to review the merits of the district court's

7

summary judgment decision. Although we agree with Headminder that we can review the merits of that decision, we arrive at this determination on different grounds.

We have previously held that "when the lower court changes matters of substance, or resolves a genuine ambiguity, in a judgment previously rendered . . . the period within which an appeal must be taken . . . begin[s] to run anew." *Rezzonico v. H & R Block, Inc.*, 182 F.3d 144, 150 (2d Cir. 1999) (internal quotation marks omitted). "The test is a practical one. The question is whether the [district court] disturbed or revised legal rights and obligations which, by its prior judgment, had been plainly and properly settled with finality." *FTC v. Minneapolis-Honeywell Regulator Co.*, 344 U.S. 206, 212 (1952); *see also Carroll v. United States*, 339 F.3d 61, 72 (2d Cir. 2003). Juxtaposing the district court's original judgment with the amended judgment, we conclude that the differences are such that the entry of the amended judgment starts the appeals clock anew.

First, neither the court's August 25, 2008 order nor the original judgment distinguished among the defendants the court was holding liable. Instead, the court referred collectively to all the defendants in granting Priestley's motion for summary judgment (including the directors and officers and Headminder). Given the undisputed facts that the court had earlier dismissed the directors and officers from the case and that Priestley at no time moved for summary judgment against Headminder, a genuine ambiguity existed concerning which defendants the court intended to hold subject to the judgment.

In denying in part and granting in part Headminder's Rule 60 motion the court determined in its October 20, 2009 decision and order that although the directors and officers should not have been included on the original judgment, the entry of judgment against

8

Headminder was appropriate because Priestley "asserted Contract Claims against all of the Corporate Defendants, including Headminder, and was granted summary judgment on those claims." While the court's subsequent amended judgment embodying this relief removed the directors and officers as parties liable on the judgment, it specifically stated that "[Priestley's] motion for summary judgment is granted against PanMedix, Inc., Headminder, Inc., and Electronic Knowledge Publishing, Inc. for the repayment of $835,000.00 in principal and $768,716.51 in interest in accordance with the terms of the promissory note." Thus, the October 2009 order and resulting amended judgment were the first articulations of the district court's intent to grant summary judgment against Headminder. *Cf. H & R Block, Inc.*, 182 F.3d at 150-51 (holding that because the district court's ruling and intention were made clear in its earlier memorandum and order, the omission of the word "not" from the original judgment was a clerical mistake and thus the entry of the amended judgment did not restart the time for filing an appeal). At this point the court's amended judgment introduced a material change purportedly resolving a genuine ambiguity present in the original judgment.

Second, the amended judgment also states that "[d]efendant's [sic] Answer and counterclaims are hereby dismissed as untimely," where the original judgment had made no reference to the defendants' untimely answer and counterclaims. The amended judgment thus incorporated for the first time the district court's earlier determination in its August 25, 2008 order that the defendants' answer and counterclaims were untimely and that the defendants had defaulted. *See Priestley v. Comrie*, No. 07 cv 1361, 2008 U.S. Dist. Lexis 64827, at *8-11 (S.D.N.Y. Aug. 25, 2008) ("Defendants' Answer with counterclaims must be stricken as completely untimely . . .. Defendants are in default. Even if they were not, the undisputed facts

9

demonstrate that Plaintiff is owed the sums alleged, therefore she is granted judgment as a matter of law.").

For these reasons we hold that the issuance of the amended judgment triggered a new 30-day period in which Headminder could file an appeal. The new judgment both resolved a genuine ambiguity and altered a matter of substance in the original judgment.[2] *Cf. In re Am. Safety Indem. Co.*, 502 F.3d 70, 72 (2d Cir. 2007) (holding that the entry of the amended judgment, which was essentially the same as the original judgment except for a clerical correction, did not substantively alter the disposition of the original judgment and thus the appeal period did not begin to run anew). In addition, we note that the issues the district court clarified in its amended judgment are the same issues before us on appeal. In that regard we are further guided by the Third Circuit's decision in *Keith v. Truck Stops Corp. of America*, 909 F.2d 743, 746 (3d Cir. 1990) ("An order substantively changing a judgment constitutes a new judgment with its own time for appeal *at least where the change is the subject matter to be reviewed*." (emphasis added)), and by our recent decision to the same effect in *Napoli v. Town of New Windsor*, 600 F.3d 168, 171 (2d Cir. 2010) (citing *Truck Stops Corp. of America*, 909 F.2d at 746). Because Headminder filed its notice of appeal on November 25, 2009, within thirty days of the issuance of the amended judgment, we hold that we have jurisdiction to review the district court's decision granting summary judgment against Headminder.

---

[2] We note that although the amended judgment specifically withdrew the original judgment that fact alone is insufficient to restart the time to file an appeal. *Cf. Cody, Inc. v. Town of Woodbury*, 179 F.3d 52, 55 (2d Cir. 1999) (holding that because the two judgments at issue were identical with respect to all questions of substantive rights, the district court's vacatur of the original judgment and the entry of a new judgment did not restart the time for filing a notice of appeal).

## II

Having determined our jurisdiction to undertake this review, we turn now to the question of whether the district court erred when it entered summary judgment against Headminder. We review an order granting summary judgment *de novo*, drawing all factual inferences in favor of the non-moving party. *Loeffler v. Staten Island Univ. Hosp.,* 582 F.3d 268, 274 (2d Cir. 2009). Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

As a procedural matter, it is undisputed that Priestley moved for summary judgment only against PanMedix and EKP. She did not state any facts in her motion papers indicating an intent to tie Headminder to those other entities so as to include it in the relief she was seeking. In opposing summary judgment, moreover, PanMedix and EKP limited their responses to addressing their own actions and not those of Headminder. There is nothing in the record to indicate that Headminder had either notice that the court was considering summary judgment against it or an opportunity to demonstrate that genuine issues of material fact existed concerning any obligation with respect to the note.

We acknowledge that "[d]istrict courts have the discretion to grant summary judgment *sua sponte*, even without notice in certain circumstances." *Schwan-Stabilo Cosmetics GmbH & Co. v. Pacificlink Int'l Corp.*, 401 F.3d 28, 33 (2d Cir. 2005). In granting summary judgment *sua sponte*, however, a district court must "determine that the party against whom summary judgment is rendered has had a full and fair opportunity to meet the proposition that there is no genuine issue of material fact to be tried . . .." *Id.* (internal quotation marks omitted); *see also*

11

*Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) (observing that "district courts are widely acknowledged to possess the power to enter summary judgment *sua sponte, so long as the losing party was on notice that [it] had to come forward with all of [its] evidence*." (emphasis added)). In *Ramsey v. Coughlin*, 94 F.3d 71 (2d Cir. 1996), we stated that:

> Before granting summary judgment *sua sponte*, the district court must assure itself that following the procedures set out in Rule 56 would not alter the outcome. Discovery must either have been completed, or it must be clear that further discovery would be of no benefit. The record must, therefore, reflect the losing party's inability to enhance the evidence supporting its position and the winning party's entitlement to judgment.

*Id.* at 74.

It is thus well established that before a district court may properly grant a motion for summary judgment, certain procedural protections must first be afforded to the non-moving party. It is clear to us that the district court here failed to provide those protections. It not only ignored the fact that Priestley did not move for summary judgment against Headminder, but it also failed to give Headminder notice that it was considering entering summary judgment against it. Accordingly, we hold that the court erred in granting summary judgment against Headminder.

**III**

Priestley argues in the alternative that the record supports Headminder's inclusion on the judgment because the district court not only granted summary judgment against the defendants but also concluded that the defendants had procedurally defaulted by failing to file a timely answer. She contends that for this reason, the allegations in the complaint must be taken as true, and because these allegations adequately support a *de facto* merger between PanMedix and Headminder, the district court correctly included Headminder on the judgment as a party liable for the repayment of the note. For the reasons that follow this argument fails.

12

Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment. The first step is to obtain an entry of default. When a party against whom affirmative relief is sought has failed to plead or otherwise defend, a plaintiff may bring that fact to the court's attention. In such circumstances Rule 55(a) empowers the clerk of court to enter a default. The next step requires the plaintiff to seek a judgment by default under Rule 55(b). Rule 55(b)(1) allows the clerk to enter a default judgment if the plaintiff's claim is for a sum certain and the defendant has failed to appear. In all other cases Rule 55(b)(2) governs. It requires a party seeking a judgment by default to apply to the court for entry of a default judgment.

In its August 25, 2008 order the district court determined that the defendants had defaulted and that their untimely answer and counterclaims must be stricken. The court also granted Priestley's motion for summary judgment against the defendants. The court's original judgment, however, only reflects the court's grant of summary judgment; it makes no reference to a default by any of the defendants.

Although the parties have not raised this issue, we note that the amended judgment ostensibly constitutes a default judgment because it states that "[d]efendant's [sic] Answer and counterclaims are hereby dismissed as untimely" and includes a discussion of damages. To the extent this additional language may serve as a valid default judgment against Headminder, we hold nonetheless that the district court erred by including Headminder on the amended judgment because, as a matter of law, there was no *de facto* merger between Headminder and any other liable entity.

For Priestley's argument to have merit the complaint's well-pleaded allegations, accepted as true, must adequately support the application of the *de facto* merger doctrine. *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) ("Although a district court has discretion under Rule 55(b)(2) once a default is determined to require proof of necessary facts and need not agree that the alleged facts constitute a valid cause of action, . . . we believe . . . ample proof [was offered] of both a breach of fiduciary duty . . . and common law fraud."); *Rolex Watch, U.S.A., Inc. v. Pharel*, 09 CV 4810, 2011 U.S. Dist. Lexis 32249, at *5-6 (E.D.N.Y. Mar. 11, 2011) ("In considering a motion for default judgment, the court will treat the well-pleaded factual allegations of the complaint as true, and the court will then analyze those facts for their sufficiency to state a claim."). Those facts are absent here.

The relevant inquiry under the *de facto* merger doctrine is whether a "transaction, although not in form a merger, is in substance a consolidation or merger of seller and purchaser." *New York v. Nat'l Serv. Indus., Inc.*, 460 F.3d 201, 209 (2d Cir. 2006) (internal quotation marks omitted). To determine whether there has been a *de facto* merger courts consider whether there was: "(1) continuity of ownership; (2) cessation of ordinary business and dissolution of the acquired corporation as soon as possible; (3) assumption by the purchaser of the liabilities ordinarily necessary for the uninterrupted continuation of the business of the acquired corporation; and (4) continuity of management, personnel, physical location, assets, and general business operation."[3] *Id.* Although the court examines all of the foregoing factors, "continuity of ownership is the essence of a merger," *id.* at 211 (internal quotation marks omitted), and the

---

[3] New York law applies the same common law *de facto* merger test, *see Nat'l Serv. Indus., Inc.*, 460 F.3d at 215, and our analysis is thus unaffected by the provision in the note requiring legal disputes to be resolved under New York law.

14

doctrine of *de facto* merger cannot apply in its absence, *id.* Critical to our analysis, "[t]he continuity of ownership element typically is satisfied where the purchasing corporation pays for the acquired assets with shares of its own stock. The seller therefore continues to own the assets it has sold through its ownership of shares in the purchasing corporation." *Id.* at 210 n.2 (citation omitted). The allegations set out in the complaint fail to establish this element.

While legal conclusions can provide the framework of a complaint, they must be supported by adequate factual allegations. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009). Priestley's complaint asserts only the bare legal conclusion that there was a *de facto* merger between PanMedix and Headminder. The facts alleged, however, are not only inadequate to support such a conclusion, they contradict it. As the basis for demonstrating the *de facto* merger of the two corporations, Priestley relies on what she asserts was the continuity of their officers. Notably absent from the complaint, however, are any allegations that these officers actually owned the corporations. And because ownership of a corporation rests with its shareholders, that the complaint clearly states that PanMedix and Headminder have separate shareholders negates Priestley's suggestion of merger. *See* Compl. ¶ 14. Because the facts alleged fail to support, and actually disprove, the continuity of ownership necessary to support a *de facto* merger, the district court erred to the extent it entered a default judgment against Headminder.

## CONCLUSION

For the foregoing reasons, we reverse the district court's entry of judgment against Headminder, and we remand to the district court with instructions to strike Headminder as a party subject to the amended judgment.