10-2901-cv
Li v. Morrisville State College

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of October, two thousand eleven.

PRESENT:
> **DENNIS JACOBS,**
> > *Chief Judge,*
> **PETER W. HALL,**
> **GERARD E. LYNCH,**
> > *Circuit Judges.*

_____

**XIANG LI,**

> *Plaintiff-Appellant*,

> **v.**                                                      **10-2901-cv**

**MORRISVILLE STATE COLLEGE, DAVID ROGERS, Dean of School of Business, Morrisville State College,**

> *Defendants-Appellees*.

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Xiang Li, *pro se*, Youngstown, OH. |
| **FOR DEFENDANTS-APPELLEES:** | Barbara D. Underwood, Andrea Oser, Kate H. Nepveu, Albany, NY, *for* Eric T. Schneiderman, Attorney General of the State of New York. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Kahn, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Xiang Li, *pro se*, appeals the district court's judgment, dismissing his discrimination complaint on a motion for summary judgment. We assume the parties' familiarity with the underlying facts, procedural history, and the issues on appeal.

We review orders granting summary judgment *de novo*. *See Priestly v. Headminder, Inc.*, 647 F.3d 497, 503 (2d Cir. 2011). All ambiguities are resolved and reasonable inferences are drawn in favor of the nonmovant. *Id.* Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Here, an independent review of the record and relevant case law reveals that summary judgment was properly granted. Except as noted below, we affirm for substantially the reasons stated by the district court in its July 9, 2010 decision.

Li, who is of Chinese origin, alleged in part that the defendants impermissibly refused to rehire him in a tenure-track position based on his national origin in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* Although Li presented evidence that a tenure-track position for which he applied was filled by a U.S.-born applicant, this evidence does not create a genuine issue of material fact about whether Li was disparately treated in the hiring for that position because (1) Li acknowledged in his affidavit filed in opposition to summary judgment that he knew his initial position was temporary and a full search would be conducted to fill the tenure-track position; (2) Li admitted that he was the subject of student complaints of abusive behavior and was rude and threatening when school officials sought to discuss the complaints with him; and (3) the successful U.S.-born applicant, unlike Li, possessed a Ph.D. and therefore was not similarly situated. *See Mandell v. Cnty. of Suffolk*, 316 F.3d 368, 379 (2d Cir. 2003) ("A plaintiff relying on disparate treatment evidence 'must show she was similarly situated in all material respects to the individuals with whom she seeks to compare herself.'") (quoting *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000)).

The district court rejected Li's appeal of the magistrate judge's denial of leave to amend his complaint to add a 42 U.S.C § 1983 due process claim against members of the college's administration and faculty. Although Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that leave to amend shall be "freely give[n] . . . when justice so requires," justice does not so require if amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). As the district court observed, a temporary, non-tenured faculty member such as Li could be discharged at will and therefore had no protected property interest in the renewal of his employment contract. *See Bd. of Regents v. Roth*, 408 U.S. 564, 578 (1972)); *Abramson v. Pataki*, 278 F.3d 93, 99 (2d Cir. 2002) ("Employees at will have no protectable property interest in their continued employment.").

2

Li's claim of a "property interest in his prior employment," enforceable against any of the proposed defendants, has no basis in law. "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it [or a] unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Roth*, 408 U.S. at 577. When a litigant claims to have a property interest related to employment, courts may look at the relevant employment contract to determine whether such an interest exists. *See id.* at 578 (examining the "terms of the respondent's appointment"); *Perry v. Sindermann*, 408 U.S. 593, 601 (1972) (holding that a "written contract" was evidence supporting a claim to an entitlement). Although Li presumably had an employment contract with his prior employer, none of the named or proposed defendants was a party to that contract. Li's interest in any benefits conferred by that contract was "unilateral" and could not be enforced against any of the named or proposed defendants. *Roth*, 408 U.S. at 578; *see Perry*, 408 U.S. at 601 ("A person's interest in a benefit is a 'property' interest for due process purposes if there are such rules or *mutually explicit understandings* that support his claim of entitlement to the benefit and that he may invoke at a hearing." (emphasis added)).

We have considered all of Li's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3